# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

**DANIEL PLUSTACHE**                                        **CIVIL ACTION No.**

                                                           **Judge**

**VERSUS**

                                                           **Magistrate**

**CITY OF NEW ORLEANS,**
**NOPD Superintendent Michael Harrison,**
**Elizabeth Robins, Kirk Bouyales,**
**Arlinda Westbrook, Gwendolyn L. Nolan**
**Simon B. Hargrove, Arlen S. Barnes,**
**Darryl Watson and Jean W. Jordan**


FILED: _____          _____
                                                 DEPUTY CLERK


## COMPLAINT  AND  PETITION  FOR  CIVIL  DAMAGES

The Complaint and Petition for Civil Damages of plaintiff DANIEL PLUSTACHE ("hereinafter sometimes referred to as "Plustache" or "Petitioner"), through undersigned counsel, a current New Orleans Police Department Officer, employed by defendant CITY OF NEW ORLEANS, who files here his Federal tort claims via violations of his civil rights and federal law, as well as for any related pendant and/or ancillary state law claims, made here by Petitioner as a private individual. Petitioner

1

has filed a related EEOC Complaint in his status as an NOPD Employee, and awaits receiving his "Right to Sue" letter from the EEOC.  Petitioner here seeks recompense for those claims for damages in tort not compensable via Civil Service remedy, and for those having Federal jurisdiction as cited below.

Petitioner has also filed on April 26, 2018 a formal complaint with the Louisiana Board of Ethics outlining his maltreatment and abuses delineated here. The Board acknowledged Receipt of Petitioner's Complaint by letter on May 3, 2018, assigning the complaint "Louisiana Board of Ethics Docket No. 2018-522".

Petitioner is of the age of majority and a resident of the Parish of Orleans and the State of Louisiana, and respectively files here the following the Complaint against the parties made defendants herein, with said complaint which does with respect represent the following:

## STATEMENT  OF  JURISDICTION

Petitioner asserts here that the continuous and ongoing tortuous actions and omissions of the named defendants herein, particularly those actions of the defendants CITY OF NEW ORLEANS and NOPD Superintendent Michael Harrison, Elizabeth Robins, Kirk Bouyales, and NOPD co-worker defendants Arlinda Westbrook, Gwendolyn L. Nolan, Simon B. Hargrove, Arlen S. Barnes, Darryl Watson and Jean W. Jordan, violated the federal civil rights of your Petitioner, namely Title VII, 42 USC 1983 regarding violations of the Petitioner's civil rights and the defendants' abuse of police powers and discrimination against Petitioner, *et seq.*, 42 USC 2000*, et seq.* regarding the illegal Retaliation against Petitioner for Whistleblowing and for filing a

State District Court lawsuit against many of these same defendants in 2014 involving Racial Discrimination and Disparate Racial Treatment of your Petitioner.   These defendants are also in violation of all relevant federal jurisprudence protecting citizen individuals such as your Petitioner from racial discrimination, racially disparate treatment, violation of civil rights via attempted false arrest and malicious prosecution of Disciplinary Proceedings relevant to employment, threat of actual criminal arrest and adverse affects upon his job status, harassment, intentional infliction of emotional distress, intimidation, and criminal malicious prosecution, their Retaliation for filing previous complaints involving racial discrimination and racially disparate treatment in the workplace, injuries, losses and damages as suffered by Petitioner as alleged herein, with the actions of the defendants believed germinating with unlawful Retaliation originating with his earlier 2013 Whistleblowing, then worsening after Petitioner's filing of his 2014 State District Court lawsuit.

Petitioner prays here that this Court exercise it's ability to assume ancillary and/or pendant jurisdiction of any and all related State Law claims against these defendants asserted here flowing from the same facts, circumstances and occurrences upon which his Federal law claims in tort are brought here. It is important to note that the Petitioner's claims brought here involve claims made against the defendant CITY OF NEW ORLEANS and some other common defendants named in both this instant Federal lawsuit and the earlier 2014 State District Court lawsuit – that lawsuit which includes Petitioner's more recent claims made here are involving Retaliation against him by many of these same defendants in this past calendar year, with the Retaliation germinating with Petitioner's original claims of defendants

3

originally discriminating against your him on the basis of race.  Your petitioner further reasonably believes in good faith that the quantum value of his claims here exceed the sum of $75,000.00 required for federal court subject matter jurisdiction.


I

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your Petitioner in the following particulars as alleged below:


A.   CITY OF NEW ORLEANS, a municipal/governmental corporation created and functioning under its Home Rule Charter pursuant to the Constitution of the State of Louisiana, and at all times pertinent hereto the governmental entity solely and directly responsible for the conduct and operation of the NEW ORLEANS POLICE DEPARTMENT (hereinafter sometimes referred to as the "NOPD") with both entities directly responsible for the hiring, screening, deployment, supervision of and conduct of their employees, defendants NOPD Superintendent Michael Harrison, Elizabeth Robins, Kirk Bouyales, Arlinda Westbrook, Gwendolyn L. Nolan, Simon B. Hargrove, Arlen S. Barnes, Darryl Watson and Jean W. Jordan, all of whose separate acts of negligence and/or willful neglect  and/or intentional torts caused injury to your Petitioner in the particulars alleged below during the course and scope of their respective employment with the defendant CITY OF NEW ORLEANS, and with that defendant responsible and liable for the actions and omissions of all NOPD

4

Officers and City of New Orleans Employees such as these named defendants under the theory of *respondeat superior.*

B.    NOPD SUPERINTENDENT MICHAEL HARRISON (hereinafter sometimes referred to as "HARRISON"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, an employee of the defendant CITY OF NEW ORLEANS, and at all times pertinent hereto the appointed Superintendent of the NOPD and the ultimate supervisor of all named defendant NOPD co-workers and perpetrators of torts against your Petitioner, who knew or should have known of the ongoing pattern of tortuous harassment, malicious Public Integrity Bureau ("PIB") and Civil Service prosecutions, defendants facilitating attempted false and malicious arrest of Petitioner, and defamation, denial of due process, and other torts alleged occurring by these defendants against the Petitioner herein. This defendant was put on direct notice of this pattern of tortuous conduct committed by NOPD Officers and associates here against your Petitioner, and did nothing to prevent or limit same. This defendant is named here both personally, and in his capacity as an employee of the defendant CITY OF NEW ORLEANS;

C.    ELIZABETH ROBINS, (hereinafter sometimes referred to as "ROBINS"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, an employee of the defendant CITY OF NEW ORLEANS in the capacity as an Assistant City Attorney for the City of New Orleans, and who has unlawfully and intentionally denied Due Process to your Petitioner in the defendant CITY OF NEW ORLEANS' malicious prosecution of

5

Civil Service actions against your Petitioner, and who has unlawfully assisted the Petitioner being denied Due Process in those employment disciplinary actions by unlawfully denying documents due him, by making willful evasions and misrepresentations to Civil Service Tribunals in order to extend or promote the malicious PIB and Civil Service prosecutions of your Petitioner, and, in knowingly and/or unknowingly assisting the named, NOPD co-workers and perpetrators of torts against your Petitioner. This defendant is named here both personally, and in her capacity as an employee of the defendant CITY OF NEW ORLEANS;

D.   KIRK BOUYALES (hereinafter sometimes referred to as "BOUYALES"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Saint Tammany Parish, a former NOPD employee and current employee of the ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE, and a direct perpetrator of intentional torts against your Petitioner while working for both employers, and more particularly, who as a private citizen attempted to instigate and effect – with the assistance of other defendants named herein –  the false, groundless and malicious Disciplinary Proceedings against your Petitioner, and the related defamation of the Petitioner herein. He additionally swore false charges against your Petitioner used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here personally only, and not in his capacity as an employee.

E.   ARLINDA   P.   WESTBROOK,   (hereinafter   sometimes   referred   to   as "WESTBROOK"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a ranking supervisor, and a direct perpetrator of at least some of these torts against your Petitioner, more particularly, who attempted to instigate and effect – with the assistance of other defendants named herein –  the false, groundless and malicious arrest of Petitioner, and the related defamation of the Petitioner herein. This false arrest attempt, and the baseless "facts" related, has been used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for their part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in her capacity as an employee of the defendant CITY OF NEW ORLEANS;

F.   GWENDOLYN N. NOLAN, (hereinafter sometimes referred to as "NOLAN"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a ranking supervisor, and a direct perpetrator of at least some of these torts against your Petitioner, more particularly, who in her acts, omissions or willful neglect attempted to instigate and effectuate the false, groundless and malicious criminal arrest of Petitioner, and the related defamation of the Petitioner herein. This false arrest attempt has been used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and

retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in her capacity as an employee of the defendant CITY OF NEW ORLEANS;

G.   SIMON B. HARGROVE, (hereinafter sometimes referred to as "HARGROVE"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a ranking supervisor, and a direct perpetrator of at least some of these torts against your Petitioner, more particularly, who attempted to instigate and effect – with the assistance of other defendants named herein –  the false, groundless and malicious arrest of Petitioner, and the related defamation of the Petitioner herein. This false arrest attempt has been used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in his capacity as an employee of the defendant CITY OF NEW ORLEANS;

H.   ARLEN S. BARNES, (hereinafter sometimes referred to as "BARNES"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a ranking supervisor,  and a direct perpetrator of at

least some of these torts against your Petitioner, more particularly, who attempted to instigate and effect – with the assistance of other defendants named herein –  the false, groundless and malicious arrest of Petitioner, and the related defamation of the Petitioner herein. This false arrest attempt has been used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in his capacity as an employee of the defendant CITY OF NEW ORLEANS;

I.   DARRYL WATSON, (hereinafter sometimes referred to as "WATSON"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a ranking supervisor,  and a direct perpetrator of at least some of these torts against your Petitioner, more particularly, who attempted to instigate and effect – with the assistance of other defendants named herein –  the false, groundless and malicious arrest of Petitioner, and the related defamation of the Petitioner herein. This false arrest attempt has been used by the defendant CITY OF NEW ORLEANS to bring groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in his capacity as an employee of the defendant CITY

OF NEW ORLEANS;

J.    JEAN W. JORDAN, (hereinafter sometimes referred to as "JORDAN"), a person of the age of majority, reasonably believed domiciled in the State of Louisiana and in Orleans Parish, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a PIB Staff member, who on or about October 2, 2017, at the NOPD's PIB Offices in Orleans Parish, personally told your Petitioner that he was not entitled to records of his PIB Complaints made against him or the records of investigations of those complaints, and further in Petitioner's eyesight instructed NOPD PIB Staffers to delete certain computer records of your Petitioner's PIB Complaints.  These record denials and delays been used by the defendant CITY OF NEW ORLEANS to hamper your Petitioner's defense and exoneration of the groundless, malicious and retaliatory PIB and Civil Service disciplinary charges against your Petitioner also, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein. This defendant is named here both personally, and in his capacity as an employee of the defendant CITY OF NEW ORLEANS;

II.

**BACKGROUND**

On or about May 31, 2014, your Petitioner filed a civil lawsuit on Orleans Parish Civil District Court, en-numbered  No. 2014-5212, Division "J", titled  "DANIEL PLUSTACHE versus  CITY OF NEW ORLEANS, NOPD SUPERINTENDENT RONAL

SERPAS, KIRK BOUYELAS, ARLINDA WESTBROOK, KIM WILLIAMS, MICHELLE STOKES, JIMMY BOBB, and DANNY KRAMER". Petitioner Daniel Plustache is a Black male and a 16 year Civil Service-protected employee and Post-qualified officer of the defendant CITY OF NEW ORLEANS through the NOPD.  Petitioner was assigned to a highly specialized Computer Forensic Unit. Since January, 2013, Petitioner has at no provocation of his own been made to endure and suffer an ongoing, never-ceasing pattern of continuous harassment, mental distress and intentional infliction of emotional distress, a Retaliatory Transfer germinating with his putting the Superintendent of the NOPD on notice (Whistleblowing) of the ongoing abuse of specialized Grant Funds and misuse of dedicated manpower.  Petitioner was informed of that transfer on May 31, 2013 and escorted by NOPD officers from the unit – Petitioner being the only Black member of his unit and the only member receiving such discipline in response to his good faith Whistleblowing and warnings to the Superintendent of misuse of manpower and Grant Funds. This Retaliation for Whistleblowing also included an ongoing series of harassing and defamatory unfounded PIB and Civil Service disciplinary actions brought forth by his NOPD superiors. Petitioner was also falsely and gratuitously publically defamed and denigrated and being made to endure false accusations against him by his superiors, namely by then-NOPD Superintendent Ronal Serpas, who made repeated and knowingly false public accusations of incompetence and job performance failure of the Petitioner BY NAME in both TV Media and Print Media via published and broadcast media, with these same job performance failure accusations lodged against your Petitioner in internal NOPD investigation – all again believed Retaliatory. Petitioner

has also been made to endure racially disparate treatment and workplace hostility that is reasonably believed to be bad faith motivated and/or the result of personal targeting and racial animus – all resulting in your Petitioner being damaged as described in said State District Court petition, and subsequent amended petitions.

Since making his Whistleblowing efforts in 2013 and 2014 to NOPD superiors, and after bringing his 2014 State District Court lawsuit alleging their illegal and discriminatory Retaliation for said Whistleblowing, illegal Racial Discrimination and Racially Disparate Treatment, amongst other torts, the individual NOPD Officers named defendants therein, many named defendants here for their more recent tortuous acts, have over the past four-plus year caused your Petitioner to endure a continuing and unrelenting pattern of harassing, defamatory, unethical and bad faith conduct which includes intentional filing of false reports into public records relative to the petitioner's work performance (which damage his reputation and long term employment and promotion prospects, as well as brought to him emotion distress and damages in tort, separate and apart from any remedies offered via Civil Service protections); certain defendants' filing of false statements and reports attempting to effectuate the actual arrest of the Petitioner; certain defendants filing false, baseless and unjustified sustaining of Public Integrity Bureau complaints against your Petitioner in ongoing and repeated attempts to remove him from his position as an NOPD Officer, or to otherwise damage and humiliate him; The defendant CITY OF NEW ORLEANS using the defendant NOPD co-workers' filing of false, baseless and unjustified sustaining of Public Integrity Bureau complaints against your Petitioner in order to file related Civil Service Commission Disciplinary Proceedings against your

Petitioner in their ongoing and repeated attempts to remove him from his position as an NOPD Officer, or otherwise damage and humiliate him;, and the defendant Elizabeth Robins gratuitously and tortuously delaying those Disciplinary Proceedings against your Petitioner by making misrepresentations to the Court and in instructing certain other defendants and their affiliates to illegally withhold documents from the Petitioner and his counsel which further delay the proceedings and impede his exoneration from the false and malicious charges and claims of these defendants herein.

These ongoing incidents, including the attempted arrest of your Petitioner for groundless and maliciously false bases first discovered by your Petitioner on May 11, 2017, are brought here via having been discovered within one year as per Louisiana Tort Law, or, which may be brought here via the legal doctrine of *Contra Non Valentum*, or, may be brought here via the Louisiana Continuing Tort Doctrine, and those torts are asserted and described here below.


III.

July 15, 2015, your Petitioner while on duty as a uniformed NOPD Officer involved in the in the search for and questioning of a potential civilian crime suspect, one Derrick LaFrance, in Orleans Parish. LaFrance was questioned and voluntarily transported to the crime scene by the Petitioner and other NOPD officers, where LaFrance was determined by the victims as not being the criminal sought for the particular crimes. LaFrance was then properly and in good care released from his voluntary questioning, and then refused to be transported back to his chosen

destination, and this completed portion of his involvement in that investigation. Some time thereafter, LaFrance then took offense at the idea that he was even considered a potential crime suspect, and he made a formal Independent Police Monitor complaint (monitoring potential abuse claims by the NOPD) alleging having been abused by the Petitioner. The Independent Police Monitor then referred LaFrance's complaint (hereinafter referred to as "the LaFrance Complaint") to the NOPD's Public Integrity Bureau ("PIB") against your Petitioner.

The PIB charges contained in the LaFrance Complaint, given the PIB Control Number N2015-0579-P, included the following charges, with the PIB adjudication status of each particular charge by defendant Arlen Barnes, acting as PIB Hearing Officer, being indicated immediately after each described charge. They are as follows:

1. Adherence to law  - False Imprisonment (Not sustained)

2. Moral Conduct – Discrimination (Not sustained)

3. Performance of duty – Failure to collect, preserve and identify evidence in an arrest situation (Sustained)

4. Verbal Intimidation – (Unfounded)

5. Professional Conduct , Professionalism (Not Sustained)

6. Moral Conduct – Unauthorized Force (Unfounded)

7. Performance of Duty, Instructions from Authoritative Source, Arrest  (Not Sustained)

8. Performance of Duty, Neglect of Duty, Adult State Felony and/or Misdemeanor arrest of wanted person (Sustained)

9. Performance of Duty, Neglect of Duty, Identification of suspects on crime scenes (Sustained)

10. Moral Conduct, Honesty and Truthfulness (Not Sustained)


These claims of abuse by LaFrance were immediately and entirely disproved by the Petitioner's on-duty Body Camera, by all credible witnesses other than the complainant, by all records of LaFrance's transportation and contact with your Petitioner, and by an internal NOPD investigation.  Nonetheless, the defendant NOPD co-workers, more particularly defendants Arlen Barnes and Darryl Watson, pressed forward in an aggressive manner pursuing the PIB to determine the LaFrance Complaint sustained against your Petitioner, and in addition, defendants Watson and Barnes filed a report actually seeking your Petitioner's actual criminal arrest with the Prleans Parish District Attorney's Office, despite the civilian's charges being wholly and previously proven via that investigation to be false and meritless.  Such a request for the criminal arrest of any active NOPD Office, including your Petitioner, would not be approved to go forward without the approval, or willful neglect of, the entire NOPD Chain of Command, including but not limited to all named NOPD defendants herein.


IV.

On or about November 21, 2016, after approximately 16 months after the interaction between LaFrance and the NOPD including your Petitioner, defendant

Barnes in his capacity as a Hearing Officer of LaFrance's PIB Complaint, ruled that five of the nine charges against your Petitioner in that LaFrance Complaint be sustained, despite all evidence, records and credible testimony demanding that none of those nine charges be sustained.  At this point in time, the sustained charges contained in the LaFrance PIB Complaint then precipitated Civil Service Commission ("CSC") Disciplinary Proceedings against your Petitioner, subjecting your Petitioner to potential termination, suspension, demotion and other disciplinary outcomes, and has forced your Petitioner to endure the uncertainty of his future, loss of employment and income, emotional distress and upset, and the costs of legal representation and time spent defending himself against these baseless and malicious charges. Petitioner believes that these acts of bringing malicious and baseless findings against him by Barnes and Watson, as well as their supervising superiors, and these superiors' approval and/or neglectful allowance of the sustained PIB charges and subsequent CSC Disciplinary Proceedings to go forward, are part of the larger ongoing chain of events of Retaliation for his earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing. This continuing Retaliation is illegal and in violation of 42 USC 2000, *et seq.*

The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear of criminal arrest and false prosecution, humiliation, fear of his employment and financial future, intimidation, emotional distress and receiving continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.

V.

On May 11, 2017, your Petitioner learned for the first time from an anonymous source in the Orleans Parish District Attorney's Office that there had been an actual arrest order filed against him from certain NOPD co-workers, namely Arlen S. Barnes, seeking that the Petitioner be criminally arrested for alleged crimes committed while on duty as a uniformed NOPD Officer involved in the LaFrance questioning (the LaFrance Complaint).   Petitioner, incredulous that his criminal arrest was actually sought by his own co-workers and superiors named defendants here, on that same day, immediately on May 11, 2017 made a formal Public Records Request to the District Attorney's Office, and on June 9, 2017 received the requested documents proving the veracity of his anonymous source, with those documents proving the attempt by certain NOPD co-workers to actually have him criminally arrested – based upon those baseless claims and charges made by LaFrance in his PIB complaint.

Again, the LaFrance incident giving rise to these events involve a potential criminal suspect, a civilian, who was voluntarily questioned and voluntarily transported to the crime scene by the Petitioner and other NOPD officers where the civilian was identified as not being the criminal sought for the particular crimes, and this civilian was then properly and in good care released from his voluntary questioning in the completed portion of his involvement in that investigation. LaFrance then later took offense at the idea that he was even considered a potential crime suspect, and then made a Police Monitor/PIB complaint against your Petitioner falsely alleging abuse – claims that were immediately and entirely disproved by the Petitioner's on-duty Body

Camera, by all witnesses, by all records and by an internal, non-PIB NOPD investigation.  Nonetheless, the NOPD pressed forward in an aggressive manner seeking your Petitioner's actual criminal arrest despite LaFrance's charges being wholly and previously proven to be false and meritless.

Defendant Arlen S. Barnes intentionally drafted an NOPD police report/internal investigation report and then contacted the District Attorney's Office to seek the Petitioner's actual criminal arrest for these knowingly meritless and false charges and had contacted the District Attorney's Office to file the requisite forms necessary to effectuate the Petitioner's arrest by the NOPD. Defendants Superintendent Michael Harrison, Arlinda P. Westbrook, Gwendolyn L. Nolan, Simon B. Hargrove, and Darryl Watson are all reasonably believed by Petitioner to have participated in the drafting of the documents intentionally attempting to effectuate the Petitioner's false and meritless arrest, or, were part of the necessary NOPD chain of command which approved the attempted arrest of the Petitioner given his status as an active, uniformed NOPD Police Officer, and who through their negligent and/or willful neglect in their each being part of the necessary NOPD chain of command, had failed to stop the attempted arrest of the Petitioner despite their actual or responsible knowledge that the charges sought against the Petitioner were indeed without grounds and were meritless. Petitioner believes that this act of his attempted criminal arrest, and the approval and/or neglectful allowance of it to go forward, was part of the larger ongoing chain of events of NOPD Retaliation for his earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing. This Retaliation is illegal and in violation of 42 USC 2000, *et seq.* The attempted arrest and

emotional upset and the rooting of the attempted arrest being in Retaliation for his original lawsuit involving claims of racial animus, as well as the NOPD co-worker defendants' abuse of police powers and processes, are in violation of 42 USC 1983, *et seq.*

Petitioner ultimately was NOT criminally arrested, as the Orleans Parish District Attorney's Office refused to accept the charges and prosecution of the Petitioner due to the lack of merit of the charges and the evidence, interviews and investigations of the civilian's complaints having been proven to be without merit. Nonetheless, the defendant NOPD co-workers and superiors of the Petitioner aggressively sought to have the Petitioner arrested, humiliated and ultimately removed from his employment with the NOPD for this civilian's claims charges well known by them via investigation to be meritless even before the defendant Arlen S. Barnes had drafted the NOPD police report/internal investigation report seeking that arrest of the Petitioner. The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear of arrest, humiliation, fear of his employment and financial future, intimidation, emotional distress and receiving continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.

VI.

After the November 21, 2016 sustaining of five of the nine charges brought to the Public Integrity Bureau via the LaFrance Complaint by PIB Hearing Officer Barnes, the sustained charges contained in the LaFrance complaint then precipitated Civil

Service Commission disciplinary charges against your Petitioner, again subjecting your Petitioner to termination, suspension, demotion and other disciplinary outcomes, and forcing your Petitioner to endure the uncertainty of his future, loss of employment and income, emotional distress and upset, and the costs of legal representation and time spent defending himself against these baseless and malicious charges. This particular Civil Service Commission disciplinary action was brought officially by the defendant City of New Orleans in their capacity as the Petitioner's employer, and at the behest of the named NOPD co-worker defendants as described above. This CSC disciplinary action is ongoing, with Petitioner appearing to defend himself most recently on February 19, 2018 in the open CSC Court hearings, and has caused the Petitioner to endure several other hearings before the CSC, with the necessary representation of legal counsel, and the disciplinary action remains open and threatening to your Petitioner, having been instigated by the named NOPD co-worker defendants, and through the prosecution of the CSC disciplinary proceedings against him by named defendant Elizabeth Robins, who in prosecuting the proceedings against the Petitioner  has made several damaging and ongoing evasions, delays and misrepresentations to the CSC Court, and has withheld from the Petitioner and his counsel properly discoverable documents related to this proceeding, which could likely ground his exoneration and dismissal of all disciplinary charges, and further, defendant Robins is reasonably believed to have instructed others, including some named defendant NOPD co-workers, as well as other agencies, departments and individuals working for or affiliated with the defendant CITY OF NEW ORLEANS, to purposefully withhold discoverable documents and public records from the Petitioner

and his counsel which further prolong the ongoing CSC disciplinary proceedings, and, damage the Petitioner by these Disciplinary charges being included in his employment records, and included in those public records of open claims against Petitioner.

Petitioner again believes that these acts of bringing malicious and baseless CSC Disciplinary Proceedings against him by the defendant CITY OF NEW ORLEANS, originally precipitated by defendants Barnes and Watson, as well as their supervising superiors, and these superiors' approval and/or neglectful allowance of the sustained charges and subsequent Civil Service proceedings to go forward, are part of the larger ongoing chain of events of Retaliation for Petitioner's earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing. This Retaliation is illegal and in violation of 42 USC 2000, *et seq.*

The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear, uncertainty as to his financial future, intimidation, loss of reputation, emotional distress and resulted in his receiving continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.


VII.

Petitioner has been made to endure several additional Public Integrity Bureau ("PIB") complaints brought against him by the named NOPD co-workers defendants, none of which were merited and brought solely to harass, intimidate and exact financial and emotional cost to your petitioner. In 2013 Petitioner began to endure a

series of PIB Complaints, totaling four, all of which could have led to termination, demotion, suspension or other adverse employment actions. This series of NOPD superior-driven PIB Complaints began being brought by NOPD superiors at about the same time your Petitioner began to suffer workplace hostility and, defamation and racial discrimination coinciding with his Whistleblowing on the Grant abuses and his subsequent filing of his State District Court lawsuit.  These four PIB Complaints are as follows:

1.   Initiated by NOPD superiors, filed March 28, 2013, PIB Control Number N2013-0249-R, your Petitioner was charged with "Unauthorized travel" after being given permission to travel when and where the alleged violations occurred.   This coincided with was the beginning of all the retaliation and was precipitated by defendant Bouyales and other defendants named in the Petitioner's State District Court lawsuit. The final disposition of this PIB Complaint was the Petitioner's complete exoneration.

2.   Initiated by NOPD superiors, filed April 11, 2013, PIB Control Number N-2013-0285-R, your Petitioner was charged with "Performance of Duty" and failing to follow "Instructions from Authoritative Source" on certain dates.  The final disposition of this PIB Complaint was the Petitioner's receiving a Letter of Reprimand due to his assigned Police Association of New Orleans attorney having failed to file a timely appeal.

3.   Again initiated by NOPD superiors, filed December 26, 2013, PIB Control Number N2013-0941-R, your Petitioner was charged with Petitioner was charged with "Performance of Duty", "Neglect of Duty", and "Failing to Make a Written Police

Report". The final disposition of this PIB Complaint was the Petitioner's complete exoneration.

4.   Again initiated by NOPD superiors, filed October 9, 2015, 2013, PIB Control Number N-2015-0661-R, Petitioner was charged with "Performance of Duty", "Neglect of Duty", and "Failing to Wear Body Camera". The final disposition of this PIB Complaint was the Petitioner was issued a Letter of Reprimand. This decision was appealed by the Petitioner to the CSC, and the Commission ruled that the Petitioner be completely exonerated, and that all references otherwise be completely removed from his NOPD Personnel file.

On several occasions, Petitioner has requested copies of the records of all PIB Complaints involving himself, and others involved with bringing or furthering charges against him from the PIB offices, and he has been denied or delayed those records despite their being Public Records available to the individuals involved as well as to the general public.   Defendant NOPD co-worker JEAN W. JORDAN, a current employee of the defendant CITY OF NEW ORLEANS and the NOPD as a PIB Staff member, on or about October 2, 2017, at the NOPD's PIB Offices in Orleans Parish, personally told your Petitioner that he was not entitled to certain records of his PIB Complaints made against him or those records of investigations of those complaints, and further in Petitioner's presence instructed other NOPD PIB Staffers to delete certain computer records of your Petitioner's PIB Complaints.   These record denials and delays been used by the defendant CITY OF NEW ORLEANS to hamper your Petitioner's defense and exoneration of the groundless, malicious and retaliatory PIB

and Civil Service disciplinary charges against your Petitioner, and this defendant is responsible for his part in those torts claimed by the Petitioner and all damages flowing from same herein.  Defendant JORDAN's intentionally altering, editing or redacting public records, is an act to further those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner. These actions by defendant JORDAN have resulted in her purposefully and intentionally assisting the delay or completion and exoneration of Petitioner from those baseless and malicious PIB and CSC Disciplinary Proceedings made against your Petitioner.

Petitioner again believes that these acts of bringing malicious and baseless PIB Proceedings against him by the defendants Barnes and Watson, as well as their supervising superiors, and these superiors' approval and/or neglectful allowance of the sustained charges and subsequent Civil Service proceedings to go forward, are part of the larger ongoing chain of events of Retaliation for Petitioner's earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing.  This Retaliation is illegal and in violation of 42 USC 2000, *et seq.*

The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear, uncertainty as to his financial future, intimidation, loss of reputation, emotional distress and resulted in his receiving continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.

VIII.

Petitioner in this past year, as well as before, has been made to endure several meritless and false disciplinary and employment charges made against him by the named NOPD co-worker defendants named herein, made to the City of New Orleans Civil Service Commission ("CSC"), with the most recent and mandatory Court Hearing appearance taking place on February 19, 2018, where named defendant Elizabeth Robins, an attorney representing the defendant employer in those proceedings, made misrepresentations and evasions to the CSC Court that date during a hearing where the defendant CITY OF NEW ORLEANS continues to deny Petitioner the full dismissal and removal of those items he was exonerated for previously, and in the defendant CITY OF NEW ORLEANS seemingly continuous attempts to delay and prolong the CSC Disciplinary Proceedings involved with the LaFrance Complaint. Defendant Robins, in her capacity as the defendant CITY OF NEW ORLEANS' attorney in those Disciplinary Hearings, made misrepresentation and evasions to that CSC tribunal in furtherance of denying Petitioner the ability to access documents in order to prove his exoneration in the LaFrance Complaint related CSC matters. Defendant Robins misrepresented to the CSC Court the denial of the existence of certain documents, and made those statements in order to prolong the defendants' attempts to falsely and maliciously seek Petitioner's termination, suspension, demotion or other discipline in his protected Civil Service (classified) position with the NOPD.   The Petitioner is continuing to be subjected to an ongoing, continuous baseless disciplinary action before the Civil Service Commission flowing from the LaFrance Complaint, which again, should have been disposed of at it's initiation given

the clearly meritless bases for that complaint, and promoted and forwarded by defendants Barnes and Watson in their positions as PIB assigned NOPD personnel, and by extension those other defendants in those particulars as mentioned above, in further Retaliation and violation of Petitioner's civil rights.

Petitioner as a matter of right is entitled to an internal MOPD Proceeding called a "Commander's Hearing", where PIB Hearing Officer decisions are appealed to or reviewed by the Commander of the unit where the charges or violations are alleged to have occurred. The PIB and named defendants have continuously denied the Petitioner the repeatedly requested documents necessary to hold the Commander's Hearing, and in doing so violate his Due Process rights as well as continue their illegal Retaliation against the Petitioner in those manners described above. Petitioner in good faith believes, given the evidence and acts of these defendants, that these acts of prolonging these malicious and baseless CSC Disciplinary Proceedings against him by the defendants CITY OF NEW ORLEANS and ROBINS, and denial of requested documents needed by Petitioner to defend same, are part a continuing series of related torts, and, of the larger ongoing chain of events of Retaliation for Petitioner's earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing.  This Retaliation is illegal and in violation of 42 USC 2000, *et seq.*

The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear, uncertainty as to his financial future, intimidation, loss of reputation, emotional distress and resulted in his receiving

continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.


IX.

On January 11, 2016 at the request of Judge Paula Brown who then presided over the Petitioner's State District Court lawsuit referenced above, an amended Petition for Damages was filed with the City of New Orleans outlining the added information the Judge had requested be added and clarified. One of the defendants in that lawsuit, former NOPD co-worker of the Petitioner, is KIRK BOUYALES, the current Chief of Investigations for the Orleans Parish District Attorney's Office.

On the very same day the amended State District Court Petition was filed, (January 11, 2016), defendant KIRK BOUYALES filed a totally false statement against the Petitioner with NOPD's Public Integrity Bureau ("PIB"), NOPD PIB Case # 2013-0232-C. A copy of this statement is on file at NOPD.  Kirk Bouyales filed this retaliatory and frivolous complaint against Petitioner on the very same day an amended petition for the previously mentioned State District Court lawsuit was filed with the City of New Orleans Law Department in which he is a named co-defendant Petitioner had  no contact with Kirk Bouyales since May 31, 2013 and cannot find any reason other than his Retaliation for being named a defendant in the lawsuit for his frivolous and unprovoked attack against Petitioner via the PIB Complaint sworn by defendant BOUYALES on January 11, 2016.  The PIB investigation took its course

and eventually ended with the Petitioner being totally exonerated, with the basis of that complaint being unmerited and malicious on it's face.

After that PIB investigation was finalized and closed, Petitioner had a conversation with the PIB Investigator who had handled that case. Petitioner was appalled to be informed that at the initiation of the investigation, defendant (here) Assistant City Attorney Elizabeth Robins had been informed that the PIB was in possession of documents which discounted defendant Kirk Bouyales's PIB Complaint against your petitioner, and that Robins attempted to have that investigator NOT investigate the case in order to not allow a swift exoneration of the Petitioner.  It became obvious to Petitioner that defendant Robins was working in either concert or sympathy to assist defendant BOUYALES in damaging your Petitioner via that baseless PIB Complaint not being properly investigated as such an investigation would assist the Petitioner's exoneration there. Thankfully, the PIB investigator declined ROBINS' request and proceeded with the investigation so as not to interfere with the Petitioner's rights under the Police Officer's Bill of Rights.

At a later date during the course of this same PIB investigation, there was a meeting at PIB which included defendant Elizabeth Robins regarding Petitioner's then on-going PIB investigation. Part of that meeting discussed Petitioner's multiple and proper public record request for copies of his own files at PIB, some of which directly related to that (then ongoing) particular PIB Complaint, which were not being provided to Petitioner by PIB despite proper Public Records Request, and by Petitioner in his own right to those records involving his prosecution by PIB and in the interest of his defending himself against that PIB Complaint – which is his right. Again defendant

ROBINS took it upon herself to step outside of her legal boundaries and instructed PIB personnel NOT to provide these records to the Petitioner, stating " He doesn't get those. He's not entitled to those." (This quote provided to Petitioner by a meeting participant standing ready to testify to same). At the conclusion of that particular PIB investigation, Petitioner again made a proper public record request was made through the City Attorney's Office for records related to this particular investigation. These records were denied to Petitioner and were never provided. This again is believed to be at the instructions of defendant ROBINS.

These actions by defendant ROBINS in denying records properly requested by Petitioner, and, by defendant KIRK BOUYALES in swearing out a meritless and fictitious PIB Complaint against Petitioner, are in furtherance of the continuing pattern of malicious and baseless PIB and CSC Disciplinary Proceedings against him by the defendants CITY OF NEW ORLEANS and ROBINS, are part of the larger ongoing chain of events of Retaliation for Petitioner's earlier Whistleblowing and in further Retaliation for his original State District Court lawsuit which remains ongoing.  This Retaliation is illegal and in violation of 42 USC 2000, *et seq.*

The Petitioner was damaged by these actions of these defendants, in tort, and his losses include having suffered fear, uncertainty as to his financial future, intimidation, loss of reputation, emotional distress and resulted in his receiving continuing counseling and therapy for same - all directly related to these torts and violations of his civil rights committed by the defendants against him.

X.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD Superintendent MICHAEL HARRISON, in the following, but not necessarily exclusive, particulars:

1. Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

2. Failure to properly supervise those NOPD Officers under his charge;

3. Allowing or willfully neglecting to prevent other NOPD Officers under his charge Injuring public records by allowing false police reports to be entered into public record; and

4. Ignoring Petitioner's written warnings of being Retaliated against, having malicious and false charges made against him, failing to investigate Petitioner's claims of same, and refusing or ignoring the Petitioner's written requests for Whistleblower Protection , which is Petitioner's right under the law;


XI.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-worker ARLINDA P. WESTBROOK, in the following, but not necessarily exclusive, particulars:

1. Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

2.  Failure to properly supervise those NOPD Officers under her charge;

3.  Injuring public records by allowing false police reports to be entered into public record; and

4.  Purposefully and intentionally instructing others to alter public records, thus precipitating and/or furthering those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

XII.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-worker GWENDOLYN N. NOLAN, in the following, but not necessarily exclusive, particulars:

1.  Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

2.  Injuring public records by allowing false police reports to be entered into public record; and

3.  Failure to properly supervise those NOPD Officers under her charge;

XIII.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-

worker SIMON B. HARGROVE, in the following, but not necessarily exclusive, particulars:

1. Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

2. Failure to properly supervise those NOPD Officers under his charge;

3. Injuring public records by allowing false police reports to be entered into public record; and

4. Failure to investigate Petitioner's claims of Retaliation and baseless prosecution made against defendant Arlen Barnes;


XIV.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-worker ARLEN S. BARNES, in the following, but not necessarily exclusive, particulars:


1. Purposefully and intentionally filing baseless and malicious request for Petitioner's criminal arrest;

2. Purposefully and intentionally sustaining baseless PIC Complaint charges against your Petitioner;

3. Purposefully and intentionally sustaining baseless PIC Complaint charges against your Petitioner, thus precipitating baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

4. Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

5. Injuring public records by allowing false police reports to be entered into public record; and

XV.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-worker DARRYL WATSON, in the following, but not necessarily exclusive, particulars:

1. Purposefully and intentionally filing baseless and malicious request for Petitioner's criminal arrest;

2. Purposefully and intentionally sustaining baseless PIC Complaint charges against your Petitioner;

3. Purposefully and intentionally sustaining baseless PIC Complaint charges against your Petitioner, thus precipitating baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

4. Conspiracy to deprive civil rights by allowing false claims and baseless disciplinary proceedings to be filed against Petitioner;

5. Failure to properly supervise those NOPD Officers under his charge;

6. Injuring public records by allowing false police reports to be entered into public record; and

7. Instructing employees do alter and/or delete certain public records

XVI.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant NOPD co-worker JEAN W. JORDAN, in the following, but not necessarily exclusive, particulars:

1. On or about October 2, 2017, at the NOPD's PIB Offices in Orleans Parish, personally told your Petitioner that he was not entitled to records of his PIB Complaints made against him or the records of investigations of those complaints, and further in Petitioner's eyesight instructed NOPD PIB Staffers to delete certain computer records of your Petitioner's PIB Complaints;

2. Purposefully and intentionally altering public records, thus precipitating and/or furthering those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

3. Purposefully and intentionally instructing others to alter public records, thus precipitating and/or furthering those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

4. Purposefully and intentionally assisting the delay or completion and exoneration of Petitioner from those baseless and malicious PIB and CSC Disciplinary Proceedings made against your Petitioner;

5. This defendant is reasonably believed to have been instructed to destroy public records of Petitioner's PIB Complaints, or, encouraged to do so, by those other NOPD    defendant   superiors    named    defendant   here,   namely   NOPD

Superintendent Michael Harrison, Elizabeth Robins (in her capacity as an Assistant City Attorney advising or assisting PIB investigations), Arlinda Westbrook, Gwendolyn L. Nolan, Simon B. Hargrove, Arlen S. Barnes, Darryl Watson

XVII.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the defendant ELIZABETH ROBINS, in the following, but not necessarily exclusive, particulars:

1. Defendant Robins misrepresenting to the CSC Court and falsely denying the existence of certain documents in order to prolong the defendants' attempts to falsely and maliciously seek Petitioner's termination, suspension, demotion or other discipline in his protected Civil Service (classified) position as a Sergeant;

2. NOPD.Conspiracy to deprive civil rights by furthering those false claims and baseless disciplinary proceedings being prosecuted, delayed and continuing against Petitioner;

3. Working in concert with defendant KIRK BOUYALES to deny the Petitioner the ability to defend himself in the aforementioned PIB Complaint and proceeding, thus denying your Petitioner his civil rights;

4. Conspiracy to deprive civil rights by instructing City Employee to violate La. R.S. 40:2531 via interference with public record laws by instructing city employees not to release certain public records relating to an investigation involving Petitioner;

XVIII.

The particular said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the KIRK BOUYALES, in the following, but not necessarily exclusive, particulars:

1. Purposefully and intentionally withholding public records, thus precipitating and/or furthering those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

2. Purposefully and intentionally instructing others to withhold or alter public records, thus precipitating and/or furthering those baseless and malicious PIB proceedings and those baseless and malicious CSC Disciplinary Proceedings against your Petitioner;

3. Purposefully and intentionally assisting the delay or completion and exoneration of Petitioner from those baseless and malicious PIB and CSC Disciplinary Proceedings made against your Petitioner;

4. Making false statements into the public records, more particularly in the aforementioned PIB Complaint, in furtherance of damaging your Petitioner by maliciously and falsely bringing such proceedings against Petitioner.

XIX.

The said injuries and damages sustained by your Petitioner, were caused solely, directly, and proximately through the fault of the named defendants including the CITY OF NEW ORLEANS, their agents, associates, and/or employees, by their negligent, careless, and/or intentional actions and/or omissions as set forth in the following, but

not necessarily exclusive particulars:

A. Defendant CITY OF NEW ORLEANS, for allowing named the named defendant NOPD co-workers to engage in, and to create an environment where, the continuing harassment of, retaliation against, discrimination against, and hostility in the engagement with your Petitioner was allowed, including but not limited to the sustaining of baseless PIB Complaints, the swearing of false charges and reports against your Petitioner, the swearing of a report attempting false or malicious arrest, engage the attempted false arrest, and the material and emotional damages caused to your Petitioner;

B. Defendant CITY OF NEW ORLEANS for allowing the NOPD to improperly screen, supervise, train, or advise the named defendant NOPD co-workers, creating an environment and permissibility of the hostile environment described above, as well as the actions of the named defendant co-workers who were believed within the course and scope of their respective employment with the NOPD, or, the negligently and/or intentionally allowing  same via their failure to properly screen out, train or supervise all of the employees named defendants causing or contributing to the Petitioner's losses alleged herein;

C. Defendant CITY OF NEW ORLEANS for allowing the NOPD to have failed to properly investigate and timely prosecute the Petitioner's actual complaints to the NOPD's  Public Integrity Bureau and to Superintendent Michael Harrison, for those incidents reported by the Petitioner, and those damages to your petitioner as appropriate for the defendant CITY OF NEW ORLEANS' allowing this willful

neglect and ongoing pattern of ignoring, burying or minimizing such complaints;

D. Defendant CITY OF NEW ORLEANS for allowing the NOPD to have a continuing pattern of failure to properly investigate and prosecute Public Integrity Bureau complaints made by citizens and even un-favored NOPD Officers such as your Petitioner, as well as intimidation and harassment of complainants and witnesses and innocent persons in general, with such tactics actually used against Petitioner upon his original Whistleblowing and the filing of his State District Court lawsuit;

E. All Named Defendants, for their negligently and/or intentionally prosecuting, furthering and/or allowing the wrongful and damaging malicious PIB and Civil Service disciplinary prosecutions and related injuries and costs to your Petitioner, as well as their willfully intended use of falsehoods and malice in doing same, which is reasonably believed here to be Retaliatory and a violation of that petitioner's civil rights protections offered as a matter of law;

F. All Named Defendants allowing and/or intentionally promoting and/or allowing the intentionally wrongful and damaging malicious Civil Service disciplinary prosecutions of the Petitioner, and related injuries and costs to your Petitioner;

G. Violations by all defendants herein of Petitioner's civil rights, as during the assault and emotional distress suffered by the ongoing pattern of harassment and discrimination, including the attempted false arrest, and the material and emotional damages caused to your Petitioner;

H. Defendant CITY OF NEW ORLEANS for their failure to promulgate policies, supervision, and training of their NOPD personnel, and their Assistant City Attorney Elizabeth Robins, which would have prevented or stopped those torts committed

by this defendant ROBINS as alleged herein;

I.   Any other act or omission found to have been performed by of any party named or unnamed, known or unknown to the petitioners herein

All of the above acts of negligence and/or omissions were in violation of the laws of the United States, State of Louisiana and applicable Orleans Parish ordinances, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio*.

XX.

Petitioner avers here that as a direct and proximate cause of the aforementioned actions and acts, they were made to sustain damages in the following non-exclusive list particulars:

A.   Past, present, and future emotional pain and suffering;

B.   Past, present, and future emotional and mental anguish;

C.   Past, present, and future medical expenses;

D.   Past, present and future loss of enjoyment of life;

E.   Past, present, and future damages and losses suffered by Petitioner solely or in part due to the torts, acts, omissions and negligence involving those incidents described herein;

F.   Any and all attorney's fees where statutorily appropriate, all reimbursement for lost time and/or lost business opportunity for Petitioner necessary in the prosecution of his claims here, and any other losses related to the time and costs expended by

Petitioner in and for any court appearances and prosecution of this matter in federal court and in any PIB and/or internal NOPD proceeding and/or Civil Service and/or internal administrative NOPD because of the defendants' malicious or groundless prosecution of same;

G. Uncertainty as to financial, employment and future;

H. Humiliation and potential humiliation due to potential criminal arrest and promotion of fictitious charges against him;

I. Defamation and Slander due to potential criminal arrest and promotion of fictitious charges against him;

J. Any and all losses for damage to Petitioner's current or future employment prospects, or, damage to Petitioner's reputation and/or community standing for any public exposure or career record inclusion of any groundless or false accusations against him caused by any defendant herein;

K. Any costs, attorney's fees, penalties or damages allowed or appropriate under that laws of the United States of America relative to the violations of the petitioners' civil rights as set forth above;

L. Any and all costs and expenses in the prosecution of this claim;

M. For Judicial Interest payable here for any award or judgment in Petitioner's favor;

N. Any other loss which may be determined at any trial of this claim/complaint;

XXI.

WHEREFORE, petitioner DANIEL PLUSTACHE respectfully requests that the defendants named herein be cited and served with this Complaint and

Petition for Civil Damages, and that after all due proceedings that there be a judgment against the appropriate above mentioned defendants, CITY OF NEW ORLEANS and NOPD Superintendent Michael Harrison, Elizabeth Robins, Kirk Bouyales, Arlinda Westbrook, Gwendolyn L. Nolan, Simon B. Hargrove, Arlen S. Barnes, Darryl Watson and Jean W. Jordan, holding them liable to your Petitioner for all of the losses, general damages, special damages, costs, penalties, attorney's fees, and remedies available to your Petitioner herein, as well as all general and equitable relief, with judicial interest from the date of judicial demand until paid, as well as any and all costs involved with this proceeding.

Respectfully submitted,

*Dominic N. Varrecchio*

_____

Dominic N. Varrecchio (La. Bar # 19456)
300 Lafayette Street, Suite 103
New Orleans, LA 70130
Telephone: (504) 524-8600
Email: knic55@cox.net