# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

**DANIEL PLUSTACHE**

**VERSUS**

**CITY OF NEW ORLEANS,**
**NOPD Superintendent Michael Harrison,**
**Elizabeth Robins, Kirk Bouyales,**
**Arlinda Westbrook, Gwendolyn L. Nolan**
**Simon B. Hargrove, Arlen S. Barnes,**
**Darryl Watson and Jean W. Jordan**

**CIVIL ACTION No.   18-4844**

**Judge          MVL**

**Magistrate      Douglas**

## <u>Plaintiff's Memorandum in Support of his<br>Rule 37 Motion to Compel<br>Discovery Responses</u>

The petitioner DANIEL PLUSTACHE, who files here, through undersigned counsel, files his Memorandum in Support of his FRCP Rule 37 Motion to Compel Discovery Responses, where defendant CITY OF NEW ORLEANS has refused to cooperate and adequately respond to discovery propounded to defendant by plaintiff, and has delayed, obfuscated, deflected and avoided providing records requested here that will allow the

plaintiff to prosecute his claims made and brought herein

On September 22, 2018, plaintiff propounded discovery, more specifically Requests for Production of Documents and Items pursuant to FRCP Rule 34, propounded to your defendant CITY OF NEW ORLEANS through its FIVE enrolled defense counsel, seeking records of the plaintiff's employment jacket, disciplinary record, investigations and outcomes, as well as those involving several co-worker defendants, seeking to prove uneven and disparate treatment, Hostile Working Environment, and other discrimination and targeting by employer's and superiors. (Please see attached Exhibit #1).

On December 13, 2018, after having received no responses from the defendants and with the defendants' responses almost a month overdue, the plaintiff after having properly noticed, held the first Rule 37 Telephone Discovery Conference with defendants' counsel Isaka Williams.  After some discussion and agreement for extension for the defendants to respond prior to the plaintiff filing a Motion to Compel.

On January 9, 2019, the defendants make their initial responses to the plaintiff's original discovery, and those responses are woefully inadequate.   Some weeks thereafter, the defendants forward to plaintiff's counsel audiotapes that supplement their original, initial responses in a very limited manner. (Please see attached Exhibit #2).

On February 19, 2019, after having properly noticed, then held a SECOND Rule 37 Telephone Discovery Conference with defendants' counsel Isaka Williams.   After some discussion and mostly an impasse, both agree to continue the discussion the next day after the defendants' counsel reviewed the situation.

On February 20, 2019, after having properly noticed, then held a THIRD Rule 37 Telephone Discovery Conference with defendants' counsel Isaka Williams. After some more discussion, the defendants' counsel agrees to provide additional documents to the plaintiff as part of their original, initial responses to plaintiff's initial discovery first propounded in September 22, 2018.

On February 25, 2019, plaintiff obtains those supplemental responses agreed to between counsel in the February 20, 2019 Telephone Discovery Conference and in concessions made by the defendants in E-mail correspondence thereafter. Nonetheless, major parts of the plaintiff's Initial discovery first propounded on September 22, 2018 remain unanswered. (Please see attached Exhibit #3, which is the highlighted elements of the plaintiff's Initial September 22, 2018 remaining unanswered. The deficient responses or unprovided responses are highlighted in YELLOW on attached Exhibit #3). Plaintiff remains at a profound and unlawful disadvantage as he prepares for trial, as well as the upcoming June, 2019 Trial on the Merits, and seeks hearing and proper consideration of her motion to Compel discovery responses in hopes of obtaining and reviewing the documents requested and due for her to prosecute that upcoming Trial on The Merits.

## Argument

The defendant CITY OF NEW ORLEANS was required under the Federal Rules of Civil Procedure, more specifically, FRCP Rule 34, to provide complete and full

responses, or, competent and lawful objections, to each such request made by plaintiff within 30 days of the plaintiff originally propounding same.  FRCP reads and guides us as follows:

**Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes**

(a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b)

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) PROCEDURE.

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

Here, defendants CITY OF NEW ORLEANS has not fully or adequately responded to the plaintiff's Initial Requests for Production propounded to defendants on September 22, 2018, and as of this filing some five full months have passed, with defendants supplying portions of the lawfully requested items in a piecemeal, roiling set of partial disclosures, as evidenced by attached Exhibits #1, #2 and #3.  This condition must be changed and the plaintiff must be put in a position to properly prosecute his claims, with the assistance

of those documents sought via proper discovery, with the trial on the merits scheduled some three months from this date.  FRCP 37 provides relief for plaintiffs and parties such as the plaintiff here seeking satisfactory and full responses to discovery propounded to adverse parties.  Further, Rule 37 also provides that the defendants in such circumstances shall be liable to your plaintiff for attorney's fees where the defendant may be found to have unlawfully withheld properly discovered documents and items, setting forth the following:

**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

   (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

   (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

   (3) *Specific Motions.*

      (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

      (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

         (i) a deponent fails to answer a question asked under Rule 30 or 31;

         (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

         (iii) a party fails to answer an interrogatory submitted under Rule 33; or

         (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

Again, the defendants CITY OF NEW ORLEANS has not fully or adequately responded to the plaintiff's Initial Requests for Production propounded to defendants on September 22, 2018, and as of this filing some five full months have passed since that discovery was originally propounded to defendants, with defendants supplying only small portions of the lawfully requested items in a piecemeal, rolling set of partial disclosures, as evidenced by attached Exhibits #1, #2 and #3.

Plaintiff seeks an examination of the defendants' deficient responses to plaintiff's discovery, a ruling that the defendant make full and lawful responses herein, as well as an award to plaintiff for all costs and reasonable attorney's fees involved with the plaintiff being forced to bring this motion.

Plaintiff respectfully seeks ORAL ARGUMENT of this motion pursuant to Local Rule 78.1

Respectfully Submitted,

*Dominic N. Varrecchio*
_____
Dominic N. Varrecchio,
La. Bar No. 19456
Attorney for Petitioner
300 Lafayette Street, #103
New Orleans,  LA  70130
Tel:  (504) 524-8600
Fax: (504) 566-4189

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all parties and/or their counsel by the LAED-CM-ECF electronic filing system for the United States District Court, and/or via facsimile and/or hand delivery and/or by placing same in the U.S. Mail postage pre-paid and properly addressed this 28th day of February, 2019.

*Dominic N. Varrecchio*

_____
DOMIINIC N. VARRECCHIO

8