# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL PLUSTACHE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 18-4844** |
| **THE CITY OF NEW ORLEANS, ET AL** | * | **SECTION "S"** |
| | * | **MAGISTRATE "3"** |

## CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, come defendants, City of New Orleans, NOPD Superintendent Michael Harrison, Deputy Superintendent Arlinda Westbrook, Capt. Simon Hargrove, Lt. Gwendolyn Nolan, Lt. Darryl Watson, Sgt. Jean Jordan, former Deputy Superintendent Kirk Bouyales, retired Sgt. Arlen Barnes, and Deputy City Attorney Elizabeth Robins, (hereinafter "City Defendants") who, in answer to Plaintiff's First Set of Requests for Production of Documents, respond as follows:

### Plaintiff's RFPs Repeat Prior Requests for Public Records

Several of Plaintiff's thirty-six (36)[1] Requests for Production (RFPs) issued in the present lawsuit repeat prior Public Records Requests (PRRs) by the Plaintiff for public records of the

---

[1] Fifty (50) RFPs including subparts

New Orleans Police Department (NOPD).  However, when NOPD produced the requested PRRs in September of 2017, plaintiff refused to pay for the requested public records as required by law, or even to review, take notes or make his own copies of the requested records.[2]  Through the RFPs issued in *this matter*, Plaintiff attempts to circumvent the law regarding public records production, by requesting many of the same records previously requested as a PRR, demanding that NOPD now produce these records at no charge.  However, La. Rev. Stat. 13:5112.1 (B) makes clear that *no* governmental entity (whether or not a party to any litigation) shall be obligated to provide *any* public records for which a reasonable cost or fee has not been paid, as provided in La. Rev. Stat. 44:32(C).  Accordingly, while NOPD is ***not*** demanding Plaintiff pay the statutory production fee, NOPD will only produce those requested records that are relevant to this litigation as indicated in the responses below.

## GENERAL OBJECTIONS

The City makes the following General Objections to each of plaintiffs' discovery requests.  For purposes of clarity, the City may specifically reference these General Objections in the responses to plaintiffs' requests.  However, the failure to specifically refer to a General Objection should not be construed as a waiver of the General objection.

1.  The City of New Orleans objects to plaintiffs' discovery requests to the extent that a specific request calls for the disclosure of information or documents protected by the attorney-client privilege, attorney work-product doctrine, privilege or any other applicable privilege, protection or rule of confidentiality.

---

[2]  On December 9, 2016, the Office of the Inspector General and Assistant City Attorney Jezreel Joseph sent letters to Daniel Plustache, advising him that records responsive to his Public Records Requests (PRRs), totaling 1140 pages of documents and 15 PIB Short forms were ready for him to purchase and pick up or review. Daniel Plustache did not respond for over nine (9) months, finally calling Asst. City Attorney Joseph on September 27, 2017.  When Mr. Plustache finally arrived at NOPD Headquarters to meet Attorney Joseph, he refused to pay the invoice for the requested records, and also refused her offer to sit and review the records, take notes and even take photos with his phone or scan the records (with his own scanner) free of charge.

2.   The City objects to plaintiffs' discovery requests on the grounds that any request is vague, overly broad, unduly burdensome, and seeks information or documents that are not relevant and/or material to the subject matter of this litigation, or that is not reasonably calculated to lead to the discovery of admissible evidence.

3.   The City objects to plaintiffs' discovery requests to the extent that any one request seeks information which is not the subject matter of this litigation.

4.   The City objects to plaintiffs' discovery requests to the extent that he seeks information or documents outside of the City's possession, custody or control, or seeks information or documents that are already in his possession or are otherwise a matter of public record.

5.   The City objects to any requests that are premature prior to the conduct and completion of discovery.  Since discovery has not yet been completed, the City reserves its right to supplement, amend or correct any and/or all of its objections and responses as its review continues and discovery progresses.

6.   The City reserves the right to challenge the competence, relevance, materiality, and admissibility at trial or any subsequent proceeding, of this or any other action, of any information or documents its provides in response to these discovery requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Copy of the complete personnel file for Civil Service/NOPD employee Daniel Plustache, Employee ID No. 01142.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

NOPD objects to RFP No. 1, to the extent that Plaintiff is requesting a copy of his personnel file maintained by Civil Service (CS), as CS documents are not within the custody and control of NOPD.  Subject to that objection and without waiving same, NOPD responds that a copy of Plaintiff's NOPD Personnel file is produced with these RFP responses.  [Bates No. CNO 001- CNO 149].

3

**REQUEST FOR PRODUCTION NO. 2:**

Unredacted copies of PIB "Long Form" and PIB "Short Forms" for the following past and present NOPD employees: Ronal Serpas, Michael Harrison, Kirk Bouyelas, Arlinda Westbrook, Gwendolyn Nolan, Kim Williams, Darryl Watson, Arlen Barnes, Jimmy Bobb, Danny Kramer, Jean Jordan, Sylvia Martin, Simon Hargrove, Michelle Stokes, and Daniel Plustache.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

NOPD objects to relevance of RFP No. 2 to the extent that Plaintiff demands the complete history of all PIB Misconduct investigations opened against thirteen (13) named past and present NOPD Officers.  Plaintiff's complaint alleges that he was harassed by NOPD opening unwarranted PIB Misconduct investigations *against the Plaintiff*.  Therefore, the only PIB Misconduct Investigation history that is relevant to this litigation is that of the Plaintiff, Daniel Plustache.  Accordingly, subject to the relevance objection, and without waiving same, copies of Plaintiff's requested PIB "Short Form" and PIB "Long Form" for himself, are produced with these RFP responses. [Plustache PIB Short for, bates No. CNO 150; Plustache PIB Long Form, CNO 151 - CNO 156]

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all photographs, audio  and/or video recordings, statements, internal memos, investigator reports and findings, Civil Service letters and/or notifications, notices to the accused, letters and related emails for the following PIB Control Numbers: PIB Control Number N2013-0232-C, PIB Control Number N2013-0249-R, PIB Control Number N2013-0285-R, PIB Control

Number N2013-0941-R, PIB Control Number N2015-0579-P, PIB Control Number N2016-0770-R.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

NOPD objects to the relevance of RFP No. 3, to the extent that Plaintiff demands copies of PIB investigations in which he is not one of the accused officers.  Plaintiff's allegations in this suit relate solely to investigations filed against him. Therefore, plaintiff's demand for investigations in which he is not one of the accused officers, are not relevant to this litigation. Subject to these objections and without waiving same, NOPD responds by providing copies of the following PIB Investigations in which Daniel Plustache was the accused officer, or one of the accused officers: PIB 2013-0249, PIB#2013-0285, PIB#2013-0941, and PIB#2015-0579-P. These 4 PIBs are produced with this production. [PIB #2013-0249, bates prt 1 no. CNO 157-211, prt 2 CNO 212-266, prt 3 CNO 267-322; PIB #2013-0285, bates no. CNO 323 - CNO 430; PIB #2013-0941, bates no. CNO 431-CNO 489; and PIB #2015-0579, bates no. CNO 490 - CNO 768].

**REQUEST FOR PRODUCTION NO. 4:**

Copies of all photographs, audio and/or video recordings statements, internal memos, investigator reports and findings, civil service letters and or notifications, notices to the accused, letters and related emails of any other NOPD employee(s) or independent investigator(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to RFP No. 4 as unduly vague, overly broad, and not susceptible of a meaningful response.  RFP No. 4 identifies no time frame, no CS case numbers or PIB numbers,

and no individual names of NOPD employees or investigators. Accordingly, Defendants refer Plaintiff to those RFPs in which the requested documents were specified by case name or control number.

**REQUEST FOR PRODUCTION NO. 5:**

On November 5, 2013 petitioner requested in a letter from PANO Attorney Eric Hessler to NOPD Public Integrity Bureau Chief Arlinda Westbrook all items involving his complaint made against defendant Sgt. Michelle Stokes with NOPD's Public Integrity Bureau (Criminal Unit) under case number 2013-0232-C. Petitioner received nothing from anyone involving this particular request until May 5, 2014 when PIB contacted him by telephone to pick up these requested items, and an incomplete set of this requested documentation was delivered to him. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See Response to RFP No. 3. Defendants object to the relevance of RFP No. 5, in which Plaintiff requests production of PIB#2013-0232, which was also requested in RFP No. 3. This PIB investigation, as Plaintiff admits in the request above, is a misconduct investigation based on a complaint that Officer Plustache made against *another* NOPD officer, as opposed to a misconduct complaint made by one of the named defendants against Plustache. Therefore PIB #2013-0232-C is *not* relevant to Plaintiff's claims in the present litigation in which he alleges that NOPD filed frivolous PIB complaints *against him.*

**REQUESTS FOR PRODUCTION NO. 6:**

On November 6, 2013 petitioner requested in a letter from PANO Attorney Eric Hessler to NOPD Public Integrity Bureau Chief Arlinda Westbrook all items involving an NOPD complaint made against the petitioner relative to PIB case number 2013-0285-R. Petitioner to date has received nothing from anyone involving this particular request. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See Response to RFP No. 3.  Plaintiff's claim that he has received *nothing* from *anyone* involving his request for PIB#2013-0285-R is flatly contradicted by the PRR production offered to him by NOPD in September 2017.  As stated in the preamble of this formal response, Plaintiff refused to pay for the PRR production offered to him in September 2017, or to review, take notes or scan his own copies of the documents.  However, a copy of PIB#2013-0285-R is attached to this discovery response, as indicated in Response to RFP No. 3.

**REQUESTS FOR PRODUCTION NO. 7:**

On February 12, 2014 your petitioner hand delivered a letter to Ms. Doddie Smith in the Civil Service department copies of ALL complaints involving him, either brought against him or made by him Petitioner to date has received nothing from anyone involving this particular request. Please provide any and all documents not subject to a legal privilege relative to the above request.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to RFP No. 7 as an overly broad and unduly vague demand for Civil Service records that are not within the custody and control of NOPD or its officers.  Plaintiff references a letter he allegedly gave to Ms. Doddie Smith, a Civil Service Administrator, a copy of which is not produced.   Further, the request that CS produce "copies of ALL complaints involving him, either brought against him or made by him" is unduly vaguee and not susceptible of a meaningful response.   CS does not maintain "complaints" by or against classified employees, but rather has appeals that classified employees may file in response to discipline issue by their respective department.   Finally, RFP No. 7 fails to provide any case names or numbers identifying any "appeal records" which Plaintiff is seeking from Civil Service.   Subject to these objections and without waiving same, NOPD has no documents responsive to this vague request.

**REQUEST FOR PRODUCTION NO. 8:**

On February 14, 2014 your petitioner personally hand delivered a letter to PIB Sgt. Deshotel directed to Public Integrity Bureau Chief Arlinda Westbrook copies of ALL complaints involving him, either brought against him or made by him Petitioner to date has received nothing from anyone involving this particular request. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

See Response to RFP No. 3.  Defendants object to RFP No. 8 as overly broad and unduly vague as RFP No. 8 includes no time parameter and no identifying PIB control numbers. Additionally, Plaintiff demands copies of complaints made *by* him against *other* officers, which is not relevant to this litigation.  Plaintiff has alleged in this suit, that defendant NOPD Officers made frivolous complaints against him resulting in PIB Investigations being opened *against* the Plaintiff.   Accordingly, only those PIB Investigations in which Plaintiff is a named accused officer are relevant to this litigation.   Defendants refer Plaintiff to other responses herein, in which the PIB control number is identified for PIB Investigations in which the Plaintiff is the accused officer or Plaintiff is one of the accused officers.   In response to RFP No. 3, NOPD provided three requested PIBs in which Plaintiff is one of the accused officers.

**REQUESTS FOR PRODUCTION NO. 9:**

On February 27, 2014 your petitioner personally requested through the City of New Orleans' Law Department website system copies of ALL complaints involving him, either brought against him or made by him. Again, petitioner received nothing from anyone involving this particular request until May 5, 2014 when PIB contacted him by telephone to pick up these requested items from the PIB offices at which time an incomplete set of this requested documentation was delivered to him for each of the requested PIB Case numbers 2013-0285-R, 2013-0232-C and 2013-0249-R, but received to date NO documentation relative to PIB Case No. 2013-0941-C. Please provide any and all documents not subject to a legal privilege relative to the above request, including complete documentation of the heretofore two incomplete responses,

9

and complete documentation of the one record entirely un-responded to this date as described above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See Response to RFP No. 3.

**REQUESTS FOR PRODUCTION NO. 10:**

On July 25, 2014 your petitioner personally requested through the City of New Orleans' Law Department website system copies of the transcript from the Civil service Appeal Hearing held in June, 2014 relative to a claim brought against him relative Rule 4 violation. Petitioner received instead of documents requested, an Email requesting that he pay for such items. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to RFP No. 10 which demands production of Civil Service hearing transcripts which are in the custody and control of Civil Service, not NOPD.  Furthermore, the response by the Law Dept. in July of 2014, that Plustache pay for requested PRRs, is in compliance with the statutory requirement to pay for copies of public records.  Further, although RFP No. 10 fails to identify the requested Civil Service case number, the number (CS 8224) was provided in the July 25, 2014 public records request to the Law Dept.  However, neither NOPD, nor the assigned Assistant City Attorneys representing NOPD in CS No. 8224, have copies of the hearing transcripts.   Accordingly, Plaintiff should make this request of Civil Service, which maintains custody and control of the transcripts for CS hearings.

**REQUESTS FOR PRODUCTION NO. 11:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of Kirk Bouyales's e-mails between 11/01/12 and 08/01/13. To date, the defendant City of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to the relevance of RFP No. 11 to the extent that it demands production of documents not related to Plaintiff's claims in this litigation. This request for the production of a years-worth of emails by former Deputy Supt. Kirk Bouyelas is not relevant to the claims in this litigation. Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include specific search terms, which this request clearly lacks. Accordingly, should the Court find that the request is relevant to the claims in this litigation, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 12:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of Arlinda Westbrook's e-mails between 11/01/12 and 08/01/13. To date, the defendant City of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to the relevance of RFP No. 12 to the extent that it demands production of documents not related to Plaintiff's claims in this suit.  This request for the production of a years-worth of emails by Deputy Supt. Arlinda Westbrook is not relevant to the claims in this litigation.  Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include specific search terms, which this request clearly lacks.  Accordingly, should the Court find that the request is relevant to the remaining claims, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 13:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of George Brown's e-mails between 11/01/12 and 08/01/13. To date, the defendant City of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to RFP No. 13 to the extent that it demands production of documents not related to Plaintiff's claims.  This request for the production of a years-worth of emails by George Brown, who is not a named defendant, is not relevant to Plaintiff's claims in this litigation.  Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must

12

include specific search terms, which this request clearly lacks.  Accordingly, should the Court find that the request for emails of a non-party is relevant to Plaintiff's claims, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 14:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of John Ball's e-mails to and from any party from his NOPD email address between the dates of 11/01/2012 and 08/01/2013. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The City objects to RFP No. 14 to the extent that it demands production of documents not related to Plaintiff's claims.  This request for the production of a years-worth of emails by John Ball, who is not a named defendant, is not relevant to Plaintiffs claims in this litigation. Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include specific search terms, which this request clearly lacks.  Accordingly, should the Court find that the request for emails of a non-party are relevant to Plaintiff's claims, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 15:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of Tami Brisset's e-mails to and from any party from his NOPD email address between 11/01/12 and 08/01/13. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The City objects to RFP No. 15 to the extent that it demands production of documents not related to Plaintiff's claims.  This request for the production of a years-worth of emails by Tami Brisset, who is not a named defendant, is not relevant to Plaintiff's claims in this litigation. Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include specific search terms, which this request clearly lacks.  Accordingly, should the Court find that the request for emails of a non-party are relevant to Plaintiff's claims, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 16:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of Darryl Watson's e-mails to and from any party from his NOPD email address between 11/01/12 and 08/01/13. To date, the Defendant City of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your

14

Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The City objects to RFP No. 16 to the extent that it demands production of documents not related to Plaintiff's claims. This request for the production of a years-worth of emails by Darryl Watson is not relevant to Plaintiff's claims in this litigation. Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include specific search terms, which this request clearly lacks. Accordingly, should the Court find that the request for emails is relevant to Plaintiff's claims, the request lacks the specificity required of email searches.

**REQUESTS FOR PRODUCTION NO. 17:**

On February 12, 2015 your petitioner personally requested the City of New Orleans Law Department website copies of e-mails and attachments between Ronal Serpas and any other persons or entities, including media or news entities, specified in attachments regarding missing teacher Terrilynn Monnete, Toni Enclade, Briana Allen and others between 11/01/12 and 12/31/14. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to RFP No. 17 as overly broad and unduly vague in requesting emails between Ronal Serpas and "any other persons or entities" and includes as a search term "others."

Defendants also object to the relevance of RFP No. 17 as it demands production of documents not related to Plaintiff's claims.  This request for the production of more than two years-worth of emails between former Supt. Ronal Serpas, who is not a named defendant, and "any other persons or entities, including media or news entities" regarding "missing teacher Terrilynn Monnete, Toni Enclade, Briana Allen and others" is overly broad, unduly vague, unduly burdensome and not relevant to Plaintiff's claims.  Furthermore, Officer Plustache has been advised by the Law Dept personnel responding to PRRs, and in the OIG's December 9, 2016 letter, that any requests for emails must include the individual names of the persons subject to the search.  Here the demand for emails between Serpas and any "other persons or entities, including media or news entities" fails to satisfy the requirement to identify email recipients by name. Email searches also require specific search terms, which this request clearly lacks.  Additionally, the phrase "emails regarding missing teacher Terrilyn Monette" is not a search term, nor is "others" a specified search term as required for email searches.  Accordingly, should the Court find that any portion of this request is relevant to the Plaintiff's claims, the request lacks the specificity required by the City's IT Department to conduct email searches, including the names of all correspondents and specified search terms.

## REQUESTS FOR PRODUCTION NO. 18:

On March 13, 2015 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of PIB Short Forms for the following ex and/or present New Orleans Police Department employees. The form indicates any past or previous complaints filed at NOPD's Public Integrity Bureau on individuals and the current disposition of

said complaints. Petitioner properly requested to be provided with these record(s) on the following individuals and defendants herein; Ronal Serpas, Arlinda Westbrook, Kirk M. Bouyales, Kim Lewis, Kim L. Williams, Jimmie Bobb, Michelle Bowens, Michelle B. Stokes, Danny Kramer and Darryl Watson. To date, the defendant City Of New Orleans nor Defendant  New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

See Response to RFP No. 2.  Defendants object to the relevance of RFP No. 18 to the extent that it demands production of documents not related to Plaintiff's claims.  Plaintiff has alleged in this litigation that he was harassed by the named defendant NOPD Officers filing complaints of misconduct against the Plaintiff, resulting in PIB Investigations in which the Plaintiff was the accused officer.  This demand for the production of PIB short forms detailing the complaint histories of three (3) named defendants, and seven present and former NOPD officers who are *not* even parties to this litigation,  is not relevant to this litigation.

### REQUESTS FOR PRODUCTION NO. 19:

On March 30, 2015 your petitioner directly requested enforcement of public record request through Superintendent Michael Harrison and his designee Deputy Chief Stephanie Landry that they honor Louisiana State Law and NOPD Policy as it applies to production of public records, relative to all of his records requests described above and made prior to this date. To date, Superintendent Michael Harrison nor his designee Stephany Landry have ever

responded to this request and the defendant City Of New Orleans nor Defendant New Orleans Police Department has provide none of these records. Please provide any and all documents not subject to a legal privilege relative to the above requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to RFP No. 19 as not being susceptible of a meaningful response as the request fails to identify any specific public records requests. Further, as noted in the general statement at the beginning of this response, on December 9, 2016, the OIG and Asst. City Atty Jezreel Joseph advised Officer Plustache that documents responsive to his many public records had been compiled and were ready for him to pay for and pick up, or review. Officer Plustache did not respond for over nine months, and when he did finally go to NOPD Headquarters in October of 2017, he refused to pay for and pick up, or review the collected records free of charge. Finally, as RFP No. 19 fails to state any specific PRR or specify any particular records for which Plaintiff seeks production, the City cannot offer any meaningful response, other than to refer Plaintiff to responses to RFPs herein in which he did specify the records requested.

**REQUESTS FOR PRODUCTION NO. 20:**

On April 15, 2015 your Petitioner again personally requested through the City of New Orleans' Law Department website system copies of PIB Short Forms which outline any past or previous complaints against Ronal Serpas, Kirk Bouyales, Arlinda Westbrook, Michelle Stokes, Danny Kramer and Jimmie Bobb. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provide none of these records. Please provide any and all documents not subject to a legal privilege relative to the above request.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

See Responses to RFP No. 2 and RFP No.18.

**REQUESTS FOR PRODUCTION NO. 21:**

On April 16, 2015 your petitioner again directly requested enforcement of public record request through designee Deputy Chief Stephanie Landry and co-notification to Superintendent Michael Harrison that they honor Louisiana State Law and NOPD Policy as it applies to production of public records. To date, neither Superintendent Michael Harrison nor his designee Stephany Landry have ever responded to this request and the defendant City Of New Orleans nor Defendant New Orleans Police Department has provide none of these records. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

See Response to RFP No. 19.

**REQUESTS FOR PRODUCTION NO. 22:**

On May 29, 2015 your petitioner again personally requested through the City of New Orleans's Law Department Website control Numbers N2013-232-C, N2013-0249-R, N2013-285-R, N2013-0941-R. To date, neither the defendant City Of New Orleans or Defendant New Orleans Police Department has provided none of these records. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

See Responses to RFP No. 3.

**REQUESTS FOR PRODUCTION NO. 23:**

On August 19, 2015 your petitioner again personally requested through the City of New Orleans's Law Department Website copies of all complaints filed against PIB personnel Tami Brisset and Darryl Watson. To date, neither the Defendant City of New Orleans or Defendant New Orleans Police Department has provided none of these records. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

See Response to RFP No. 3.  Defendants object to the relevance of RFP No. 23 as copies of complaints filed *against* Tami Brisset (who is not a defendant) and Darryl Watson are simply not relevant to this lawsuit.   This request for the production of copies of all complaints filed against PIB personnel Tami Brisset and Darryl Watson, is not relevant to Plaintiff's claims that NOPD opened frivolous PIB Investigations against the Plaintiff.

**REQUESTS FOR PRODUCTION NO. 24:**

On August 28, 2015 your petitioner again personally requested through the City of New Orleans's Law Department Website copies of the City of New Orleans Law Department's procedures as they relate to public record request. To date, neither the defendant City Of New Orleans or it's Law Department has provided none of these records. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The City objects to the relevance of RFP No. 24 as the Law Dept.'s procedures for responding to public records requests is not relevant to Plaintiff's claims.  The Law Dept adheres

to the statutory requirements in responding to all public records requests.  Furthermore, the Law Dept advised Plustache at the time of his request in August of 2015, that no such "policies" existed.

**REQUESTS FOR PRODUCTION NO. 25:**

On December 11, 2015 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of PIB Short Forms for the following ex and/or present New Orleans Police Department employees. The form indicates any past or previous complaints filed at NOPD's Public Integrity Bureau on individuals and the current disposition of said complaints. He properly requested to be provided with these record(s) on the following individuals and defendants herein; Ronal Serpas, Arlinda Westbrook, Kirk M. Bouyales, Kim Lewis, Kim L. Williams, Jimmie Bobb, Michelle Bowens, Michelle B. Stokes, Danny Kramer and Darryl Watson. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

See Responses to RFP No. 2.

**REQUESTS FOR PRODUCTION NO. 26:**

On December 14, 2015 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of All information, including but not limited to, letters, DI1's, investigation notifications, statements of complainant Daniel Plustache, statements of the accused and current or final dispositions regarding Complainant P.O.IV Daniel Plustache

21

which was filed at PIB on 10/01/2015 and assigned PIB Control # 2015- 0652N, requesting all information, including but not limited to, letters, DI1's, investigation notifications, statements of complainant Daniel Plustache, statements of the accused and current or final dispositions regarding Complainant P.O. IV Daniel Plustache which was filed on 10/01/2015 and assigned PIB Control # 2015-0171N, requesting all information, including but not limited to, all PIB control numbers, letters, DI1's, investigation notifications, statement of complainant Daniel Plustache, all statements of the accused and current or final disposition regarding the formal individual complaints filed at PIB on 12/04/2015 listing the following NOPD employees: Deputy Chief Arlinda Westbrook, Lt. Kim Williams, Lt. Darryl Watson, Lt. Danny Kramer, Lt. Michelle Stokes, Sgt. Sylvia Martin. To date, the defendant City Of New Orleans has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

See Response to RFP No. 3. Defendants object to the relevance of RFP No. 26 to the extent that it demands copies of complaints Plustache made against other NOPD Officers, as opposed to complaints the named defendants made against Plustache. Plaintiff's complaint alleges that named NOPD officers filed frivolous misconduct investigations against Plaintiff. Accordingly, the only PIB Investigations relevant to plaintiff's lawsuit, are those investigations in which Plaintiff is the accused officer or one of the accused officers. In PIB #2015-0652-N and PIB #2015-0171-N, the Plaintiff, Daniel Plustache is not one of the accused officers but rather it is the Plaintiff who filed these PIB complaints against the NOPD officers named in RFP No. 26.

22

**REQUESTS FOR PRODUCTION NO. 27:**

On January 11, 2016 your Petitioner again personally requested through the City of New Orleans' Law Department website system copies of PIB Short Forms Listing all complaints listing the following past and present NOPD employees: retired Superintendent - Ronal Serpas, PIB Deputity Chief - Arlinda Westbrook, Retired Deputy Chief - Kirk Bouyales, Retired Lieutenant - Jimmy Bobb, Lieutenant - Kim L. Williams, Probationary Lieutenant - Danny Kramer, Probationary Lieutenant - Darryl Watson, Probationary Lieutenant - Michelle Stokes, Sargent - Sylvia Martin. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

See Response to RFP No. 2.

**REQUESTS FOR PRODUCTION NO. 28:**

On May 22, 2016 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of all documents including but not limited to completed complaint forms, intake forms, letters and notifications, completed investigator's report and recommendations, taped interviews, emails, internal memos and final dispositions regarding the following PIB case number 2016-0113P. To date, the defendant City Of New Orleans nor Defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

23

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

See Response to RFP No. 3.   Defendants object to the relevance of RFP No. 28 demanding a copy of PIB#2016-0113, which is a citizen complaint against two unknown white male NOPD officers, and therefore not relevant to plaintiff's claims.   Plaintiff, Daniel Plustache is not the accused officer nor is he one of the accused officers in PIB #2016-0113, accordingly, this PIB record is not relevant to Plaintiff's claims in this litigation.

**REQUESTS FOR PRODUCTION NO. 29:**

On May 24, 2016 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of all documentation including but not limited to all letters, complaint intake forms, emails, memos, voice recordings, digital transcripts, investigator notes, reports and final dispositions or recommendations regarding the following PIB Cases, 2015-0579-P, 2015-0642-R, 2015-0818-P, 2015-0828-P, 2015-0829-P, 2015-0830-P, 2015-0831-P. To date, the defendant City Of New Orleans has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

See Response to RFP No. 3.  Defendants object to the relevance of RFP No. 29 to the extent that it demands copies of complaints Plustache made against *other* NOPD Officers, as opposed to complaints the named defendants made against Plustache.  The only requested PIB in RFP No. 29 above, in which Daniel Plustache is one of the accused officers is PIB #2015-0579,

which is therefore the only requested PIB relevant to Plaintiff's claims in this litigation.  Further, PIB #2015-0579 was requested and produced in response to RFP No. 3.

**REQUESTS FOR PRODUCTION NO. 30:**

On May 24, 2016 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of all documentation including but not limited to all letters, complaint intake forms, emails, memos, voice recordings, digital transcripts, investigator notes, reports and final dispositions or recommendations regarding the following PIB Cases, 2015-0579-P ,2015-0642-R, 2015-0818-P, 2015-0828-P, 2015-0829-P, 2015-0830-P, 2015-0831-P. To date, the defendant City Of New Orleans has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

RFP No. 30 is identical to RFP No. 29.

**REQUESTS FOR PRODUCTION NO. 31:**

On June 04, 2016 your Petitioner personally requested through the City of New Orleans' Law Department website system copies of all documentation including but not limited to all letters, complaint intake forms, emails, memos, voice recordings, digital transcripts, investigator notes, reports and final dispositions or recommendations regarding the following PIB Cases, 2016- 0013-P. To date, the defendant City Of New Orleans nor defendant New Orleans Police Department has provided none of these records to your Petitioner. Please provide any and all documents not subject to a legal privilege relative to the above request.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants respond that a copy of PIB #2016-0013 under bates CNO 769-CNO 890, in which Plaintiff is the accused, is produced with this production.

**REQUEST FOR PRODUCTION NO. 32:**

Regarding city employee: Daniel Plustache, employee ID # 01142, SS#  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, all:

a.)  Copies of all letters sent or received referencing Daniel Plustache  between the dates of January 01, 2013 to present.

b.)  Copies of all emails sent or received referencing Daniel Plustache  between the dates of January 01, 2013 to present.

c.)   Copies of all cellular text and PIN's or sent or received by any City of  New Orleans Law Department employee received referencing Daniel  Plustache between the dates of January 01, 2013 to present.

d.)  Copies of all meeting notifications,  meeting dates and locations and who  attended and recorded minutes regarding Daniel Plustache between the  dates of January 01, 2013 to present.

**RESPONSE TO REQUESTS FOR PRODUCTION NO. 32:**

Defendants object to RFP No. 32 as overly broad, unduly vague and intended solely to harass the defendants, and not relevant to Plaintiff's claims.  Plaintiff fails to identify the parties exchanging the requested "letters, emails, texts or meeting notifications" regarding Daniel Plustache, nor is it apparent how these requests are relevant to Plaintiff's claims.  This request for the production of letters, emails, texts and meeting notices between unidentified parties is not relevant and is not susceptible of a meaningful response.  Finally, Defendants object to any request for all cellular text messages of any Law Department Personnel for a five year period, would be subject to attorney client privilege or attorney work product privilege.

26

**REQUEST FOR PRODUCTION NO. 33:**

Regarding city employee: Daniel Plustache, employee ID# 01142, SS# 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, all:

a.) Copies of all PIB (Public Integrity Bureau) meeting notifications,   meeting dates and locations and who attended and recorded minutes regarding Daniel Plustache between the dates of January 01, 2013 to present.

b.) Copies of all information  relating to PIB cases or files, and related investigative work and report. This includes but not limited to all filed complaints,  all written interviews and statements of all NOPD employees  and/or witnesses involved  with said complaints including all digital recordings,  all internal memorandums and/or (105's) and investigator's notes and current and/or final dispositions  and closure letters of the cases listed below:

PIB Control Number N2013-0232-C
PIB Control Number N2013-0249-R
PIB Control Number N2013-0285-R
PIB Control Number N2013-0941-R
PIB Control Number N2015-0579-P
PIB Control Number N2015-0642-R
PIB Control Number N2015-0818-P
PIB Control Number N2015-0828-P
PIB Control Number N2015-0829-P
PIB Control Number N2015-0830-P
PIB Control Number N2015-0831-P

c.) Copies of PIB Short Forms  which outlines person charged, type of accusation/complaint,  name of person(s) making accusation, date of  investigation, date completed, case investigator, and final disposition  of said case for the following past and present NOPD employees:

Ronal W.Serpas
Arlinda Westbrook
Arlinda Peirce
Kirk Bouyales
Kim Williams
Jimmy Bobb
Danny Kramer
Michelle Stokes

Darryl Watson
Arland Barnes

d.) From the NOPD Personnel Department/Bureau, all copies of all employment contracts and addendums and resignation notifications and Civil Service letters relating to the below listed past and/or present NOPD employees between January 01, 2010 to present

Ronal W. Serpas
Remi A. Braden
ArlindaWestbrook
Arlind Peirce
Kirk Bouyales
Jimmy Bobb
Kim L.Williams
Michelle Stokes
Danny Kramer

e.) From the NOPD Payroll Department/Bureau, all copies of attendance records between January 01, 2010 through December 31, 2013, current employment status and dates of said status relating to the listed past and/or present NOPD employees listed below.

Ronal Serpas
Arlinda Westbrook
Arlinda Pierce
Kirk Bouyales
Kim Williams
Jimmy Bobb
Danny Kramer
Michelle Stokes
Michael Carrambat
Daniel Plustache
John Ball
Darryl Watson
Arland Barnes

f.) From the City of New Orleans/NOPD Fiscal Records Department/Bureau or any other appropriate office, all records request from the following employees:

28

Ronal Serpas
Remie A. Braden
Arlinda WestbrooK
Arlinda Pierce
Kirk Bouyales
Kim Williams
Jimmie Bobb
Danny Kramer
Michelle Stokes

Including, but not limited to,

1.) All copies of all "**travel request information packets**" submitted for NOPD employee travel between January 01, 2010 through December 31, 2013.
2.) All copies of all vendor invoices submitted for reimbursement including but not limited to credit card receipts, airline tickets, hotels and other related expenses for NOPD employees travel between January 01, 2010 through December 31, 2013.
3.) All copies of all travel expense reimbursement requested submitted by NOPD employee between January 01, 2010 through December 31, 2013.
4.) All copies of all travel related expense reimbursement checks made payable to NOPD employees between January 01, 2010 through December 31, 2013.
5.) Copies of all NOPD Departmental cellular phone numbers and records ever issued to the past or present employees listed below including but not limited to all outgoing and incoming telephone calls, text, tower records and PIN's between January, 01, 2010 through July 31, 2014 preferably to be made available in Microsoft Excel digital /non-printed format.

Ronal W. Serpas
Remi A. Braden
Arlinda Westbrook
Arlinda Peirce
Kirk Bouyales
Michelle Stokes
Kim Williams
Danny Kramer
Jimmy Bobb

**RESPONSE TO REQUESTS FOR PRODUCTION NO. 33:**

Defendants object to the relevance of RFP No. 33 and object that the request is overly broad, unduly vague, overly burdensome and intended solely to harass the defendants regarding requests that are not relevant to Plaintiff's claims.  This request for the production of: a) PIB meeting notices and notes (which don't exist); b) PIB records *other than* complaints filed *against* Plustache; c) PIB short forms for defendants (and some police officers & employees who are not named defendants); d) copies of employment "contracts" (which don't exist), letters of resignation by former (and current) NOPD officers and employees; e) attendance records for defendants (and some officers who are not named defendants); f) "fiscal records" for named defendants (and some police officers & employees who are not named defendants) including five years of travel invoices filed by the defendants (and some who are not named defendants) are demands not relevant to Plaintiff's claims in this litigation.  Furthermore, Defendants have produced a copy of the Plaintiff's short and long form (listing all PIB investigations against him) and have produced copies of all PIB investigations in which Plaintiff is the accused or one of the accused officers.

**REQUESTS FOR PRODUCTION NO. 34:**

Please produce a copy of all NOPD Departmental emails between  January 01, 2013 through December 31, 2013 for the past and present NOPD employees: (Preferably in digital format)

| Employee Name | Email |
| --- | --- |
| Ronal W. Serpas | rwserpas@nola.gov |
| Remi A. Braden | rabraden@nola.gov |

| | |
|---|---|
| Arlinda Westbrook | apwestbrook@nola.gov |
| Kirk Bouyales | kmbouyales@nola.gov |
| Kim Williams | kiwilliams@nola.gov |

## RESPONSE TO REQUESTS FOR PRODUCTION NO. 34:

The City objects to RFP No. 34 as overly broad, unduly vague and intended solely to harass the defendants.  Three of the five named individuals for which Plaintiff demands a years worth of emails, are not even defendants in this litigations (Serpas, Braden, Williams).  Further the demand fails to identify any search terms for the request as required for any email search. Accordingly, even if this Court should decide that plaintiff's email search is relevant to his claims, the request fails to include the required specificity for an email search.

## REQUESTS FOR PRODUCTION NO. 35:

Please produce a list of computer IP addresses and Internet activity (Http://website addresses visited) report for the following usernames between January 01, 2012 and December 31, 2013

| Employee Name | Username and/or login name |
|---|---|
| Ronal W. Serpas | rwserpas@nola.gov |
| Remi A. Braden | rabraden@nola.gov |
| Arlinda Westbrook | apwestbrook@nola.gov |
| Kirk Bouyales | kmbouyales@nola.gov |
| Kim Williams | kiwilliams@nola.gov |
| Jimmy Bobb | jbobb@nola.gov |
| Danny Kramer | dkramer@nola.gov |
| Michelle Stokes | MBStokes@nola.gov |
| Darryl Watson | dwatson@nola.gov |

## RESPONSE TO REQUESTS FOR PRODUCTION NO. 35:

Defendants object to the relevance of RFP No. 35 and also object to the request as overly broad, unduly vague and intended solely to harass the defendants.  Plaintiff's demand for the IP

addresses and all "internet activity" for a two year period for named defendants and other NOPD

officers and employees who are *not* named defendants, is simply not relevant to Plaintiff's

claims.

**REQUESTS FOR PRODUCTION NO. 36:**

Please produce copies of any and all written communication, agreements and or contracts or grants between the Patrick Taylor Foundation, the Police and Justice Foundation and the NOPD regarding the Pat Taylor grant which was dated October 01, 2010. Please also produce:

1.) Copies of all invoices and/or purchase orders or similar request made by NOPD seeking payment request or reimbursement between October 01, 2010 and December 31, 2013.
2.) Copies of all checks made payable to NOPD or any creditor, purchase order, or invoice submitted by NOPD or any of its designated creditors or vendors between October 01, 2010 and December 31, 2013.

**RESPONSE TO REQUESTS FOR PRODUCTION NO. 36:**

Defendants object to RFP No. 36 to the extent that it demands the City produce

documents that are within the custody and control of third parties, and which are not relevant to

Plaintiff's claims.  Specifically, the Patrick Taylor Foundation and the Police Justice Foundation

are private foundations which are not entities within or controlled by NOPD or the City.  In an

abundance of caution, and in the spirit of cooperation, the City searched for any grants to which

the City or NOPD were signatories that included the name "Patrick Taylor Foundation", and

were not able to identify any contract or agreement indicating a grant between NOPD and either

of the referenced private foundations (Patrick Taylor Foundation or Police Justice Foundation).

Respectfully submitted,

_____

**ISAKA R. WILLIAMS, #29704**
ASSISTANT CITY ATTORNEY
**MEGAN HAYNES, #37158**
ASSISTANT CITY ATTORNEY
**ERICA THERIO, #34115**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, #31330**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL, #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER LSB# 23338**
SR. CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF LSB# 28633**
CITY ATTORNEY
1300 PERDIDO STREET, ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868
*Attorneys for the City Defendants herein*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing discovery has been served on counsel of record by email, or by depositing same in the U.S. Mail, properly addressed and postage prepaid this 9th day of January, 2019.

_____

**ISAKA R. WILLIAMS, #29704**