UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL PLUSTACHE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4844** |
| **CITY OF NEW ORLEANS, ET AL** | **SECTION: "S" (3)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Rule 59 Motion for New Trial** (Rec. Doc. 181) is **DENIED**.

BACKGROUND

Detailed facts of this case were set forth in the court's prior Order and Reasons (Rec. Doc. 179) and are not restated here. Plaintiff filed the instant motion for new trial following this court's grant of defendants' motion for judgment on the pleadings, dismissing plaintiff's claims against all defendants. In the motion, plaintiff seeks a new trial under Rule 59. He contends that the court erred in dismissing his claims, through, <u>inter alia</u>, the "erroneous application of events and timelines," "failing to take into account the heightened workplace circumstances of armed, uniformed police work and . . . hostilities endured by Plaintiff over a long, extended period of time," failing to consider numerous depositions, expert reports, and affidavits, and stating that he "intends to present more detail of these and other items" at a new trial. Rec. Doc. 180, Motion, 2-5. Defendants oppose the motion, arguing that the appropriate standard for adjudication of the motion is under Federal Rule of Civil Procedure 59(e), and that plaintiff has failed to meet the requirements for reconsideration under that rule, because he has not identified a manifest error of

law or fact in the court's ruling.

## DISCUSSION

Plaintiff's claims were dismissed pursuant to a motion for judgment on the pleadings. No trial occurred. Accordingly, plaintiff's motion is properly considered not as a motion for new trial, but as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves " 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " Basinkeeper v. Bostick, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): " '(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.' " Berezowsky v. Rendon Ojeda, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgement.' " Id. (quoting Templet, 367 F.3d at 479).

Plaintiff has not identified an intervening change in the controlling law, nor has he presented newly discovered evidence that was previously unavailable. The sole potential basis for reconsideration is to correct a manifest error of law or fact. However, he has not identified a manifest error of law or fact. He has not pointed to conduct so extreme that an objective, reasonable employee would have felt compelled to resign that would support a Title VII constructive discharge claim. Rather, he acknowledges that "none of the five PIB investigations resulted in any real sanctions against the Petitioner," and that his resignation was motivated by a "possible future potential arrest" and "potential injury." Rec. Doc. 181-1, 7. He has not pointed to a law or constitutional right that was violated that would support a section 1983 claim. His complaint that the court failed to adequately consider numerous depositions, affidavits, and reports is irrelevant, because the court dismissed the matter on the pleadings.

Plaintiff's motion rehashes legal theories and evidence previously raised and rejected. It does not meet the standard required to amend the court's prior judgment. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Rule 59 Motion for New Trial** (Rec. Doc. 181) is **DENIED**.

New Orleans, Louisiana, this   2nd   day of February, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**